**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALFREDO CHAVELAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) |
| and CAVALRY SPV I, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Alfredo Chavelas brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated."  *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.     Venue and personal jurisdiction in this District are proper because:

(1)     Defendants' collection communications were received by plaintiff within this District;

(2)     Defendants do or transact business within this District.

## PARTIES

9.     Plaintiff Alfredo Chavelas is an individual who resides in the Northern District of Illinois.

10.     Defendant Cavalry Portfolio Services, LLC is a limited liability company organized under Delaware law with principal offices at 4050 E. Cotton Ctr., Bldg. 2, Suite 20, Phoeniz, AZ 85040.  It does business in Illinois and is licensed as a debt collector by the state of Illinois.  Its registered agent and office in Illinois is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11.     Cavalry Portfolio Services, LLC collects and manages the collection of debts allegedly owned by Cavalry SPV I, LLC, and related entities.

12.     Cavalry Portfolio Services, LLC states on a web site: "Founded in 2002, Cavalry is a leader in the acquisition and management of non-performing consumer loan portfolios." (http://www.cavalryportfolioservices.com/aboutus.aspx)

13.     Cavalry Portfolio Services, LLC uses the mails and telephone system in

2

conducting business.

14.    Cavalry Portfolio Services, LLC is a debt collector as defined in the FDCPA.

15.    Defendant Cavalry SPV I, LLC, is a Delaware limited liability company which claims to acquire and then seeks to collect charge-off consumer debts originally owed by others.  It has no other business.  Its principal office is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.  It does business in Illinois and is licensed as a debt collector by the state of Illinois.   Its registered agent and office in Illinois is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

16.    Hundreds of collection lawsuits in which Cavalry SPV I, LLC is the plaintiff are filed in Illinois courts each year.

17.    The mails and telephone system are used in connection with such suits.

18.    Cavalry SPV I, LLC is a debt collector as defined in the FDCPA.

## FACTS

19.    Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred

20.    On or about August 31, 2017, Mandarich Law Group, LLP, acting on behalf of Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC, sent plaintiff the letter attached as Exhibit A, seeking to collect the discharged debt.

21.    Exhibit A is the first letter plaintiff received from defendants regarding the debt described therein.

22.    On information and belief, based on its contents, Exhibit A was the first letter defendant sent to plaintiff regarding the debt described therein.

23.    On October 6, 2017, plaintiff, by counsel, sent a letter to Mandarich Law Group, LLP stating that plaintiff was represented and that the debt was discharged.  A copy of the letter is attached as Exhibit B.

24.    On or about November 25, 2017, defendant Cavalry Portfolio Services, LLC sent

plaintiff, directly, on behalf of Cavalry SPV I, LLC, a letter seeking to collect the same debt, a copy
of which is attached as <u>Exhibit C</u>.

     25.    Plaintiff was harassed and aggravated as a result. Plaintiff was sufficiently concerned
about the collection efforts to consult counsel.

**COUNT I – FDCPA**

     26.    Plaintiff incorporates paragraphs 1-27.

     27.    Defendants violated 15 U.S.C. §1692c by contacting a represented party
directly.

     28.    Section 1692c provides:

> **§ 1692c.  Communication in connection with debt collection**
>
> **(a) Communication with the consumer generally.  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**
>
> > **. . .  (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

     WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants
for:

               (a)    Statutory damages;

               (b)    Actual damages;

               (c)    Attorney's fees, litigation expenses and costs of suit;

               (d)    Such other and further relief as the Court deems proper.

                     */s/Daniel A. Edelman*
                     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

4

Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

C:\Users\dpatel\Desktop\34623\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)